HATFIELD SPECIAL SCHOOL DISTRICT *v.* KNIGHT.

Opinion delivered May 10, 1915.

1. TRIAL—PEREMPTORY INSTRUCTION.—In an action to recover under a contract, a peremptory instruction should not be given for the defendant, when the testimony of the plaintiff on the point at issue is not entirely without probative force.

2. CONTRACTS—PERFORMANCE—BUILDING CONTRACTS.—In an action for the balance due on a contract for the construction of a building and for extras, *held*, under the evidence the defendant was entitled to a peremptory instruction denying a recovery for items

covering repairs on roof, additional lumber, ventilators, plastering and blackboards.

3.  CONTRACTS—PERFORMANCE—QUESTION OF FACT.—In an action by a contractor for the cost of materials and labor furnished under a building contract, *held*, when the evidence is conflicting as to whether he acted in accordance with the plans and specifications, the issue was one for the jury.

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; reversed.

*J. I. Alley* and *Steel, Lake & Head*, for appellant.

1.  The court erred in refusing peremptory instructions asked. There was no question for the jury as to the architect's fraud or mistake. 88 Ark. 213.

2.  The court should have given the peremptory instructions as to concrete, roof, cornice, plastering, ventilators, lumber, etc. The architect was the final arbiter. 48 Ark. 522; 68 *Id.* 285; 79 *Id.* 506; 83 *Id.* 136; 88 *Id.* 213.

3.  It was error to give instructions Nos. 3 and 4, as there was no evidence to sustain them. There was also error in other instructions, but as they are not set forth in the opinion it is useless to comment upon them.

*Pipkin & McPhetridge*, for appellee.

No printed brief filed.

HART, J.  C. W. Knight sued the Hatfield Special School District to recover a balance alleged to be due him for building a school house for the district. The plaintiff entered into a written contract with the defendant to construct a school house according to certain plans and specifications for the price of $7,090. Five thousand, five hundred and sixty dollars have been paid him and he brought suit for the balance alleged to be due on the contract and for certain other amounts alleged to be due for extra work. The defendant admitted that it was indebted to the plaintiff in the sum of $332.38 and offered to confess judgment for that amount. This is the second appeal in this case. The opinion on the former appeal is reported in 112 Ark. at page 83 under the style of *Hatfield Special School District* v. *Knight*.

The judgment was reversed for error in giving certain instructions.

On a retrial of the case the plaintiff recovered judgment for $826.46, and the defendant has appealed.

The contract provided that the building should be constructed according to the plans and specifications drawn by the architect whose construction as to their meaning should be final; that no alteration should be made except by his order; and that the contractor should, within twenty-four hours after receiving notice from the architect, remove all material condemned and take down any work condemned as improper or as failing to conform to the contract, and to make same good; that if the contractor failed in the performance of any of these conditions the defendant might take possession of the work and complete the building according to the plans and specifications.

The first assignment of error pressed upon us for a reversal of the judgment is that the court should have given a peremptory instruction in favor of the defendant as to the items for the concrete foundation of the building. According to the testimony of the plaintiff the defendant agreed with him for a change in the foundation of the building and agreed to pay him for the additional concrete work made necessary thereby; that the change in the foundation necessitated fifty-two additional yards of concrete which the district agreed to pay for at $6 a cubic yard.

On the other hand, several witnesses for the defendant testified that only eighty-six yards of concrete were put in the foundation of the building and that the original plans and specifications called for eighty-two yards. They admitted that a change was made in the plans for the foundation but said that it was agreed between the district and the contractor that no extra amount should be paid therefor, it being thought at the time that the change in the plans as to the foundation would result in a benefit to the contractor.

(1)   Under this view of the proof we do not think the defendant was entitled to a peremptory instruction on this item.  The testimony of the plaintiff was considerably weakened on cross-examination but its force was not entirely destroyed. He stated on cross-examination that he did not remember how many yards of concrete the original plans and specifications called for and refused to make a calculation thereof.  He does say, however, that he put fifty-two additional yards of concrete in the foundation and we can not say that his testimony to that effect is entirely without probative force.

It follows that the court did not err in refusing the peremptory instruction as to this item.

(2)   It is next insisted that the court erred in refusing the peremptory instruction as to the item for repairing the roof and in this contention we think counsel are correct.  The contract provided that the roof should be finished with a surface of felt to be covered with a thorough coating of roofing pitch which should be filled while hot with clean, dry gravel not larger than that which would pass through a five-eighth inch mesh screen.

The testimony on the part of the defendant tends to show that chat was used instead of gravel; that it was placed upon the roof after the coating of tar had become cold and that on that account it did not stick; and that one could rake the chat off with his hands.

Several witnesses also testified for the defendant that the roof leaked in seventeen or twenty places.

The plaintiff testified that it leaked in but two or three places and that he repaired those leaks. He admits, however, that he used chat instead of gravel and that the chat was placed on the roof in many places after the tar had become cold.

He admits also that the architect notified him that his construction of the roof was not in accordance with the plans and specifications and that he failed to repair it.

Under these circumstances the defendant had a right to repair the roof and was entitled to the reasonable cost thereof. We think the undisputed evidence is in favor of the defendant on this point and that the court should have given a peremptory instruction in its favor on this item.

(3) It is also contended that the defendant paid out the sum of $60 on account of certain lumber bills for lumber placed in the building contrary to the specifications. The evidence on this point is undisputed and the court should have given a peremptory instruction in favor of the defendant as requested by it.

The proof is also undisputed that the ventilators furnished by the plaintiff did not comply with the specifications and the district was entitled to a peremptory instruction as to the cost of replacing the ventilators which the plaintiff had refused to do upon being notified to do so by the architect.

The testimony of several witnesses for the defendant tends to show that the plastering was not put on the wall in compliance with the specifications. They say that it was not smooth and uniform but that it was rough in many places and fell off in many others. The architect notified the contractor of his failure in this respect and the latter refused to repair the defective work. The evidence on this point is not disputed. The contractor himself admits that the plastering was rough in many places and having failed to repair it when notified to do so by the architect, the district was entitled to the reasonable cost of repairing the same and the court should have given a peremptory instruction in its favor as to this item.

The undisputed evidence also shows that the blackboard was not constructed according to the specifications and the district was entitled to a peremptory instruction as to this item.

It is also insisted by counsel for the defendant that the court erred in not giving them a peremptory instruction as to the metal cornice. On the former appeal there was a controversy as to whether the plans and specifica-

tions called for a wood or a metal cornice.  On the retrial of the case Knight admitted that the wood cornice had been eliminated from the plans and specifications when he signed the contract.  Therefore the court instructed the jury that the plaintiff was entitled to nothing extra on account of the cornice but refused to instruct that the defendant was entitled to the cost of replacing the cornice.

According to the testimony of the defendant the metal cornice was not placed on the building in accordance with the plans and specifications but we do not deem it necessary to set out the testimony in that respect.  Though the preponderance of the testimony seems to be in favor of the defendant in this contention, we do not think the evidence is undisputed.  There is some evidence of a substantial character on the part of the plaintiff tending to show that the metal cornice was put up in the manner specified in the contract and for this reason the court did not err in not giving the peremptory instruction as to this item.

In the opinion on the former appeal, which is the law of this case, we held that under the terms of the contract it was provided that the decision of the architect as to whether the school house was built according to the plans and specifications was binding on the parties and that the burden was on the plaintiff to show by a preponderance of the evidence that the decision of the architect was arbitrarily or fraudulently made.

The court further held that in order to meet this burden it was competent for the plaintiff to show by proper evidence that he had done the work in all particulars as called for by the contract, as tending to show that the architect had arbitrarily and capriciously ordered the work to be taken out and new work substituted for it and that such changes were not ordered by the architect honestly and in good faith.

The evidence is conflicting as to whether or not the plaintiff put the metal cornices on the building in compliance with the plans and specifications and in order to

show that the action of the architect in this respect was arbitrary and fraudulent and that the district was not entitled to the cost of replacing the metal cornice it was competent for the plaintiff to show that in all respects he complied with the plans and specifications in regard to putting on the metal cornice.

If the jury believed his testimony they could come to the conclusion that he put on the cornice in every particular according to the plans and specifications, and may have found that the action of the architect in ordering its removal and the substitution of a new metal cornice was arbitrary and amounted to fraud on his part in making his decision. Therefore we do not think the court erred in refusing to give the peremptory instruction as to this item.

For the errors indicated the judgment will be reversed and the cause remanded for a new trial.